UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)                    Date:  May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                           Court Reporter:
      Rita Sanchez                            Not Reported

      Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
      None Present                            None Present

**Proceedings (In Chambers):**   ORDER RE DEFENDANTS' MOTION TO DISMISS [13]; PLAINTIFFS' MOTION TO REMAND [18]

Before the Court are two motions. Defendants filed a Motion to Dismiss on April 3, 2017. (Docket No. 13). Plaintiff filed an Opposition and Defendant filed a Reply. (Docket Nos. 15, 20).

Plaintiffs filed a Motion to Remand on April 14, 2017. (Docket No. 18). Defendants filed an Opposition and Plaintiffs filed a Reply. (Docket Nos. 22, 25).

The Court held a hearing on May 15, 2017. For the reasons stated below the Motion to Remand is **DENIED** and the Motion to Dismiss is **GRANTED** *without leave to amend*. Plaintiffs' claims against Chris Ward are all time-barred, and his citizenship will not be considered for diversity purposes. Thus, the Court has proper jurisdiction over the claims. In addition, Plaintiffs' claims against all Defendants are time-barred and precluded by collateral estoppel. Accordingly, the Court grants the Motion to Dismiss.

## I.   BACKGROUND

Plaintiffs' Complaint alleges various claims against Defendants, including fraud, negligent misrepresentation, conspiracy, breach of contract, defamation, and libel, among others, in connection with Defendants' suspension of Plaintiff Gina Bongiovanni's "Letter of Understanding" with Defendants. (Complaint, Docket No. 1-1, ¶ 20). Defendants are various branches of State Farm, including State Farm

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)                    Date:  May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

Financial Services, State Farm Automobile Insurance Company, and others.  In addition, Plaintiffs have named Chris Ward, an individual, as a Defendant.

This is not Plaintiffs' first time asserting these types of claims against these Defendants.  In August 2014, Plaintiffs filed suit in Superior Court against Ward and other State Farm defendants alleging the same thirteen causes of action as in this action.  (Request for Judicial Notice (Docket No. 14) Ex. 1).  The parties refer to that prior case as *Bongiovanni I*.  In November 2014, the Superior Court compelled the entire action to arbitration under the Financial Industry Regulatory Authority ("FINRA") in accordance with Bongiovanni's and Ward's arbitration agreements.  (*Id.*, Exs. 2–4).  In January 2015, Plaintiffs voluntarily dismissed the claims in *Bongiovanni I* and chose not to arbitrate.  (*Id.*, Ex. 5).

In December 2014, Plaintiffs filed another suit in Superior Court against State Farm Bank and various State Farm employees alleging the same thirteen causes of action.  (*Id.*, Exs. 6–7).  The parties refer to that prior case as *Bongiovanni II*.  After *Bongiovanni II* was removed to the Central District, this Court granted the defendants' motion for summary judgment on August 1, 2016.  (*Id.*, Ex. 13).  Ward was not a defendant in that case.

On January 17, 2017, Plaintiffs filed this current action in Superior Court.  (Complaint, Docket No. 1-1).  The Court agrees with Defendants that the precise nature of Plaintiffs' claims is difficult to understand from the Complaint.  Ward is alleged to have told Bongiovanni that State Farm had suspended the Letter of Understanding.  (*Id.* ¶¶ 21, 38).  In addition, Ward is alleged to have stated to Bongiovanni that she had a "Department of Insurance Complaint," which Bongiovanni alleges was false.  (*Id.* ¶ 42).  Plaintiffs seem to allege that the Letter of Understanding was suspended based on Ward's recommendation.  (*Id.* ¶ 78).  Ward allegedly concealed or misrepresented the nature of his recommendation, which misled Plaintiffs.  (*Id.* ¶¶ 50, 79).

Plaintiffs assert that until a recent deposition of Stephanie Hahn, another employee of State Farm, they did not know the involvement of Ward in the decision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)                    Date:  May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

made against Bongiovanni.  (Plaintiffs' Motion to Remand at 1 ("The discrepancy that gave rise to this present lawsuit is stated by Chris Ward ("Ward") to the Plaintiff in his 4/27/16 Deposition verse the 6/23/16 Deposition of former employee Stephanie Hahn.")).

## II.    REQUEST FOR JUDICIAL NOTICE

Defendants filed a Request for Judicial Notice.  (Docket No. 14).

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).  The Court may, however, take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute.  Fed. R. Evid. 201(b); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).  The Ninth Circuit also permits district courts, on a motion to dismiss, "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)).

The Court may take judicial notice of court filings and other matters of public record.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  In addition, the Court may take judicial notice of documents the complaint necessarily relies on.  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  A complaint necessarily relies on documents when ""(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.*

The Court concludes that the requested documents meet this standard.

Accordingly, the Court **GRANTS** the Request for Judicial Notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-2366-MWF (SSx)                    Date: May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

## III.   MOTION TO REMAND

### A.   Legal Standard

The issue here is whether the presence of Ward as a Defendant defeats complete diversity. A well-established exception to the complete-diversity rule is "'where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)) (holding that a party was not fraudulently joined simply because the claims against it were preempted). Joinder is considered fraudulent only if "the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (holding that two non-diverse defendants were fraudulently joined when the claims against them were time-barred).

Because all doubts weigh against removal, a court considering whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co*., 220 F. Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (holding that the non-diverse defendants were not fraudulently joined because there was some possibility the plaintiff's claims were viable under unsettled California law).

Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper if the "defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)                Date:  May 16, 2017
Title:     Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)) (remanding action because it was "possible" that the plaintiff could amend the complaint to state a viable claim against the non-diverse defendant).  "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (remanding action because the defendants have failed to demonstrate that "there [was] no possibility" that the plaintiff could state viable harassment claims against the non-diverse defendants); *see Birkhead v. Parker*, No. C 12–2264 CW, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege any viable claim against [the non-diverse defendant] under California law.").

### B. Analysis

The parties agree that over $75,000 are at issue, and that all Plaintiffs are diverse from all corporate Defendants.  The only disputed issue is whether Chris Ward's citizenship should be considered for purposes of determining whether this Court may properly exercise diversity jurisdiction over Plaintiffs' claims.  Defendants assert that Ward was fraudulently joined and that his California citizenship should be ignored.

Defendants first note that the Complaint concerns actions taken by Ward in 2011, over five years ago.  Each of Plaintiffs' claims against Ward carry one- to three-year statutes of limitation, a point which Plaintiffs do not dispute.  *See* Cal. Code Civ. Proc. §§ 338(d), 335.1, 340(c).  Therefore, all claims against Ward are time-barred, and so Ward cannot be held liable on any theory and his citizenship should be disregarded.

Plaintiffs argue that their claims against Ward are saved by equitable estoppel. Plaintiffs seem to argue that because an attorney told Plaintiffs not to sue until May 2014, Ward cannot assert the statute of limitations defense.  The Complaint makes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)                    Date:  May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

clear that the attorney was, in fact, Plaintiffs' own attorney. (Complaint ¶ 25). Why a recommendation by Plaintiffs' own attorney to not sue could possibly estop Ward from asserting his defense is never made clear. *Cf. Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 686, 35 Cal. Rptr. 3d 31 (2005) ("The complaint does not identify any specific conduct by Sheppard that is an alleged basis for estoppel, nor does it plead facts indicating that this conduct '*actually and reasonably induced*' the investors to forbear filing suit within the limitations period." (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 385, 2 Cal. Rptr. 3d 655 (2003)) (emphasis in original)). Because Plaintiffs cannot point to any conduct by Ward that might have induced them to forbear filing suit, they cannot take advantage of the equitable estoppel doctrine.

Defendants also note that Plaintiffs did file suit against Ward in the *Bongiovanni I* case based on the same allegations presented in this action. Those claims were voluntarily dismissed after the claims were sent to FINRA arbitration. Clearly, Plaintiffs knew about their claims against Ward and could have asserted – indeed, did assert — claims within the statutory period.

The Court also agrees with Defendants that Plaintiffs cannot show they are entitled to any equitable tolling. "Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Gibbs v. Wood*, 2017 WL 1407727, at *3 (N.D. Cal. Apr. 20, 2017) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)). Here, Plaintiffs filed suit against Ward in 2014, but then voluntarily dismissed those claims. That prior suit could not toll the limitations period because Plaintiffs voluntarily chose to end that litigation. *See Thomas v. Gilliland*, 95 Cal. App. 4th 427, 432, 115 Cal. Rptr. 2d 520 (2002) (affirming dismissal of claims because they were time-barred, and rejecting argument that prior suit, which was voluntarily dismissed, had tolled the statute of limitations).

Finally, Plaintiffs argue that the delayed discovery rule saves their claims against Ward. "In order to rely on the discovery rule for delayed accrual of a cause of action, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)			Date:  May 16, 2017
Title:	Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808, 27 Cal. Rptr. 3d 661 (2005).  Plaintiffs point to the Hahn deposition in 2016 as revealing facts that now give rise to their claims against Ward.

Plaintiffs fail to explain, however, how the purportedly inconsistent testimony supports their claims against Ward in this current action.  Again, given their suit against Ward in 2014, it cannot be credited that Plaintiffs had no basis for believing that Ward had committed any wrongful acts prior to the 2016 deposition.  In addition, the testimony was obtained during the pendency of another suit, *Bongiovanni II*.  Why Plaintiffs did not seek to add Ward as a defendant in that suit, and make these arguments at that time, is not clear.  In addition, Plaintiffs fail to state why they could not have made this discovery earlier.  The Court therefore agrees with Defendants that the delayed discovery rule is inapplicable here.

Accordingly, the Court concludes that all of Plaintiffs' claims against Ward are time-barred, and that no estoppel-based doctrine can save those claims.  Plaintiffs would be unable to amend their Complaint to state a claim against Ward under any circumstances.  Therefore, he is a fraudulently-joined defendant and his citizenship should be ignored for purposes of the Motion to Remand.  Having disregarded Ward, the Court agrees with the parties that all other elements of diversity jurisdiction are present here.  The Court may properly exercise jurisdiction and the Motion to Remand is **DENIED**.

## IV.	**MOTION TO DISMISS**

Having jurisdiction, the Court will now determine whether the action should be dismissed.  Defendants move for dismissal on the grounds that (1) the action is time-barred; (2) as to State Farm Bank, all claims are barred by res judicata and collateral estoppel; and (3) as to some claims, the arbitration agreement prevents adjudication in this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)                      Date:  May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

### A. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, No. 13-56644, 2016 WL 5389307, at *2 (9th Cir. Sept. 27, 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-2366-MWF (SSx)                    Date: May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### B. Analysis

Defendants first argue that all claims are time-barred. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Each of Plaintiffs' claims concerns conduct that occurred between May 2011 and November 2011. As discussed above, all of Plaintiffs' claims have statutes of limitations that range from one to four years. *See* Cal. Code Civ. Proc. §§ 340(c), 335.1, 338(d), 337, 343; Cal. Bus. & Prof. Code § 17208; *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1155 (1991) ("[T]he statute of limitations governing a request for declaratory relief is the one applicable to an ordinary legal or equitable action based on the same claim"). The Court agrees with Defendants that each of Plaintiffs' claims is time-barred, and that no amendment of the Complaint could resolve that defect.

Defendants next argue that Plaintiffs' claims are barred by res judicata and/or collateral estoppel as a result of the summary judgment entered in favor of Defendants in *Bongiovanni II*. As stated, that case concerned the same thirteen causes of action and nearly identical factual allegations as the instant case. This Court entered final judgment in favor of State Farm Bank in *Bongiovanni II* on all claims for relief. (RJN, Ex. 13). "Under California law, res judicata precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013). Because the Court already decided in State Farm Bank's favor on the claims made by Plaintiffs, the current action is also barred by res judicata as to State Farm Bank, in addition to the claims being time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)                Date:  May 16, 2017
Title:     Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

As to the other Defendants, they argue that collateral estoppel precludes each of Plaintiffs' claims. Collateral estoppel, also known as issue preclusion, applies if certain requirements are met:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 272 Cal. Rptr. 767 (1990). Application of this doctrine prevents "consecutive proceedings raising the same factual allegations." *Id.* at 351. Plaintiffs here assert factually identical claims as in *Bongiovanni II*. As Defendants note, the causes of action are identical and the alleged misconduct by Defendants are the same. Both cases concern the suspension of Bongiovanni's Letter of Understanding; a breach of Bongiovanni's contract; comments made by Defendants' employees to Bongiovanni; and alleged concealment of Ward's intentions and beliefs. The parties litigated the matter in *Bongiovanni* from December 2014 through the Court's grant of summary judgment in August 2016, including discovery and depositions. The Court agrees with Defendants that the issues were necessarily decided in *Bongiovanni II* and that the decision was final and on the merits. Plaintiffs are estopped from re-litigating the same issues in this suit.

Accordingly, the Court concludes that res judicata and collateral estoppel are independent reasons for dismissing Plaintiffs' claims as to State Farm Bank.

Defendant next argues that the claims against Ward and Defendant State Farm VP Management Corp. are precluded because those claims were sent to arbitration by the Superior Court in 2014. (RJN, Exs. 2–4). The claims here are identical to those previously brought by Bongiovanni against these two Defendants. Bongiovanni chose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2366-MWF (SSx)             Date:  May 16, 2017
Title:    Gina Bongiovanni, et al. v. State Farm Financial Services, F.S.B., et al.

not to pursue arbitration and did not challenge the Superior Court's determination that the arbitration agreements were valid and binding.  Therefore, the Court agrees that Plaintiffs cannot raise their claims here.

Accordingly, the Court concludes that all of Plaintiffs' claims are time-barred.  In addition, all of the claims against State Farm Bank are precluded by res judicata or collateral estoppel.  In addition, some of the claims are precluded by the binding arbitration agreement, as found by the Superior Court in 2014.  Plaintiffs' only response to each of these arguments is to reassert their arguments concerning estoppel, tolling, and delayed discovery that the Court already rejected above.  Defendants' Motion to Dismiss is therefore **GRANTED**.

Because Plaintiffs cannot possibly cure these defects in their allegations, the dismissal is *without leave to amend*.  No amendment could cure the fact the claims are time-barred and/or precluded by collateral estoppel.

## V.    CONCLUSION

The Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss *without leave to amend* as to all claims.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.